UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARNOLD MAURICE MATHIS,

    Plaintiff,

v.       CASE NO. 8:24-cv-1290-SDM-TGW

POLK COUNTY, *et al.*,

    Defendants.
_____/

## **ORDER**

Mathis alleges that the defendants violated his civil rights when his telephone was searched without a warrant and he was arrested without probable cause. Mathis requests only declaratory relief. Although his complaint receives a generous interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999), Mathis is precluded from again pursuing this action because he pursued this same action in Arnold Maurice Mathis v. Zulaika Zoe Vizcarrondo, 8:17-cv-5554-JDW-TGW. Judgment was entered in favor of the defendants in that action and affirmed on appeal. (Doc. 39 and 50 in 17-cv-554)

Mathis moves for leave to proceed *in forma pauperis*. (Doc. 2) The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's action "if the allegation of poverty is untrue" or if the case "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Mathis's complaint is subject to dismissal under this provision, as *Morris v. May*, 570 Fed. App'x 903, 904–05 (11th Cir. 2014),[1] explains:

> When a plaintiff proceeds *in forma pauperis*, the district court must dismiss the case if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). For example, if it is clear that an affirmative defense bars the complaint, dismissal at the screening stage is appropriate. *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 640 (11th Cir.1990) ("[I]f the district court sees that an affirmative defense would defeat the action, a [dismissal on the grounds of frivolity] is allowed").
>
> . . . .
>
> One of the affirmative defenses that may lead to dismissal at the screening stage is the doctrine of claim preclusion (otherwise known as *res judicata*).

Mathis's earlier action was based on the same claims that he asserts in the present complaint and was against two members of the Polk County Sheriff's Office, Detective Zulaila Zoe Vizcarrondo and Sergeant James Michael Evans. In the present action Mathis names these same two officers and includes their employers, Polk County and the Polk County Sheriff's Office, as defendants.

The doctrine of *res judicata* in federal law prohibits the filing of claims which were raised or could have been raised in an earlier proceeding." *United States v. Barnette*, 10 F.3d 1553, 1561 (11th Cir. 1994) (quotation marks omitted). Also, a second action is barred under the principle of claim preclusion if four elements are

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

present, as *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990), explains:

> Claim preclusion bars a subsequent lawsuit when four elements are present: "(1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved both cases." *I.A. Durbin*, 793 F.2d at 1549.

Each element exists in the present action. Mathis's earlier action (1) concluded with the granting of the defendants' motion for summary judgment and the entry of a judgment against Mathis, (2) was decided by a court with proper jurisdiction, (3) involves the same parties or those in privity with them, and (4) asserts the same cause of action. Consequently, Mathis is barred from pursuing the present action.

Moreover, in the earlier action Mathis was advised that declaratory relief — the only relief he seeks in the present action — is unavailable because the basis for his claim is past conduct (Doc. 11 at 2 in 17-cv-544):

> Plaintiff requests "[d]eclaratory relief that. . . Vizcarrondo unlawfully and without a warrant, violated the Fourth and Fourteenth Amendments, when she searched Mathis' phone on December 19, 2011 . . . ." (Dkt. 9, p. 5, ¶ VI). "The purpose of a declaratory judgment is not to address past wrongs but to settle actual controversies 'before they ripen into violations of law or a breach of contractual duty.'" *David Benoit Mech v. Sch. Bd.*, 2014 U.S. Dist. LEXIS 193417, at *5 (S.D. Fla. Oct. 17, 2014) (quoting 10B Wright& Miller, Federal Practice and Procedure § 2751 (3d ed. 1998)). Plaintiff's requested declaratory relief relates to past conduct of Defendant Vizcarrondo, which will necessarily be adjudicated in resolving Plaintiff's entitlement to nominal damages. Accordingly, Plaintiff's request for declaratory relief will be dismissed.

The only apparent change in Mathis's claim is that seven more years have passed from when Mathis was advised that he cannot obtain declaratory relief for past conduct.[2] Consequently, even if not barred from pursing a second action, Mathis is entitled to no declaratory relief.

The civil rights complaint is **DISMISSED**. Mathis's separate "Motion Seeking Declaratory Relief" (Doc. 3) is **DENIED** and his motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED AS MOOT**. The clerk must **CLOSE** this case.

ORDERED in Tampa, Florida, on July 11, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] In the earlier action Mathis added a request for declaratory relief to his amended complaint and, following the court's instruction recited above, omitted a request for declaratory relief from his second amended complaint. Mathis did not appeal the denial of declaratory relief.